THE CASSAR LAW FIRM, P.C.
By: Christopher J. Cassar, Esq.
Attorneys for Plaintiff
13 East Carver Street
Huntington, New York 11743
(631) 271-6596
cjcassar@cassarlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X Docket No.:
FRANCIS J. HAND, III,

Plaintiff, **COMPLAINT**

-against-

CITY OF LONG BEACH,
POLICE OFFICER JOHN LEDDY,
POLICE OFFICER RYAN KRAEMER,
NASSAU COUNTY, and,

Defendants.
-----------------------------------------------------------X

The Plaintiff, Francis J. Hand, III, through his attorneys, THE CASSAR LAW FIRM, P.C., as and for his Complaint against Defendants respectfully allege that he was deprived his civil rights and sustained injury because of the deprivations of his civil rights as follows:

## I.
## INTRODUCTION

1. The Defendants conspired to deprive the Plaintiff, Francis J. Hand, III, of his civil rights and sustained injury because of the deprivations of his civil rights. The Defendants falsely arrested the Plaintiff for several criminal charges and falsely prosecuted the Plaintiff, FRANCIS J. HAND, III, for several criminal charges he did not commit.

2. The Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, prepared approximately thirteen (13) false accusatory instruments with accompanying supporting

depositions alleging that the Plaintiff, Francis J. Hand, III, committed crimes and filed these false accusatory instruments with Long Beach City Court.

4. On October 17, 2023, the Defendant, Police Officer John Leddy, and Police Officer Ryan Kraemer, falsely arrested the Plaintiff, Francis J. Hand, III.

5. On or about October 18, 2023, the Plaintiff, Francis J. Hand, III, appeared in Justice Court in the City of Long Beach and was arraigned on the accusatory instruments and plead not guilty.

6. On or about February 15, 2025, the Plaintiff, Francis J. Hand, III, was found not guilty of all criminal charges.

7. As a result, Plaintiff, Francis J. Hand, III, has suffered and continue to suffer harm, including but not limited to, damage to his reputations, severe emotional distress, and embarrassment and humiliation for which he is entitled to recover damages.

## II.
## PARTIES

8. At all times pertinent to the allegations of this Complaint, the Plaintiff, Francis J. Hand, III, is a citizen of the United States, resident of the State of New York.

9. At all times pertinent to the allegations of this Complaint, the Defendant, City of Long Beach, is a municipal corporation within the County of Nassau, State of New York and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been conferred or imposed upon it by law.

10. At all times pertinent to the allegations of this Complaint, the Defendant, Police Officer John Leddy, is and was a Police Officer employed by the Defendant, City of Long Beach,

and the Defendant, and was at all times acting within the scope of his employment and under color of state law.

11. At all times pertinent to the allegations of this Complaint, the Defendant, Police Officer Ryan Kraemer, is and was a Police Officer employed by the Defendant, City of Long Beach, and the Defendant, and was at all times acting within the scope of his employment and under color of state law.

12. The Defendant, Nassau County, is a governmental body created under the New York State Constitution and New York State Law.

## III.
## JURISDICTION AND VENUE

13. This is an action for damages for unlawful violation of civil rights under 42 U.S.C.A. §1983 and Jurisdiction is invoked under 28 U.S.C.A. § 1331.

14. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District at the time this action is commenced.

## IV.
## FACTS AND CIRCUMSTANCES

15. On October 17, 2023, at 1936 Lincoln Boulevard and East Broadway in the City of Long Beach, Nassau County, New York, the plaintiff was arrested by the Defendants for the following criminal offenses:

(i) Operating a Motor Vehicle While Under the Influence of Alcohol in violation of the Vehicle & Traffic Law of the State of New York, Section 1192 (3) as a D Felony [Driving While Intoxicated with two (2) priors DWI convictions within last ten (10) years];

(ii) Aggravated Unlicensed Operation of a Motor Vehicle in The Third Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-1 as A Misdemeanor;

(iii) Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-2(a)(ii) as a Felony;

(iv) Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511.3 (a)(i) as a Felony;

(v) Obstruction for Governmental Administration in violation of Penal Law 195.05 of the State of New York;

(vi) Operating a Motor Vehicle While the Registration was Revoked in violation of Vehicle & Traffic Law of the State of New York Section 512;

(vii) Driving a Motor Vehicle on the Sidewalk in violation of Vehicle & Traffic Law of the State of New York Section 1225A;

(ix) Driving a Motor Vehicle as an Unlicensed Operator in violation of Vehicle & Traffic Law of the State of New York Section 509; and

(x) Operating a Motor Vehicle without insurance in violation of Vehicle & Traffic Law of the State of New York Section 319 (1) (U).

16. In or about December 18, 2023, the Nassau County District Attorney's Office presented this case to a grand jury and the grand jury indicted the plaintiff for the following criminal offenses:

(i) Operating a Motor Vehicle While Under the Influence of Alcohol in violation of the Vehicle & Traffic Law of the State of New York, Section 1192 (3) as a Misdemeanor;

(ii) Aggravated Unlicensed Operation of a Motor Vehicle in The Third Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-1 as a Misdemeanor;

(iii) Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-2(a)(ii) as a Felony;

(iv) Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511.3 (a)(i) as a Felony;

17. The Defendant, Police Officer John Leddy, testified in the grand jury that he observed the plaintiff operating the vehicle on October 17, 2023. The plaintiff was not operating the vehicle on October 17, 2023. Thus, the testimony in the grand jury by the Defendant, Police

Officer John Leddy, that he observed the plaintiff was operating the vehicle on October 17, 2023 was untrue and perjurious.

18. On October 17, 2023, when the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, observed the vehicle parked on a sidewalk.

19. On October 17, 2023, when the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, never observed the plaintiff drive or move the vehicle.

20. On October 17, 2023, when the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, observed the vehicle parked on a sidewalk, the plaintiff informed the Defendants including Police Officer John Leddy, and Police Officer Ryan Kraemer, that the vehicle was legally parked on a sidewalk.

21. On October 17, 2023, when the Defendant, Police Officer John Leddy, and Police Officer Ryan Kraemer, observed the vehicle parked on a sidewalk, the plaintiff had no intention or purpose of placing the vehicle in motion.

22. On October 17, 2023, when the Defendants, Police Officer John Leddy, testified in the grand jury, the Defendants, Police Officer John Leddy, never informed the grand jury that the plaintiff informed the Defendants including Police Officer John Leddy, and Police Officer Ryan Kraemer, that the plaintiff told the officer that the vehicle was legally parked on a sidewalk indicating that the plaintiff no intention or purpose of placing the vehicle in motion.

23. On October 17, 2023, when the Defendants, Police Officer John Leddy, testified in the grand jury, the Defendants, Police Officer John Leddy, never informed the grand jury that the plaintiff informed the Defendants including Police Officer John Leddy, and Police Officer Ryan Kraemer, that the plaintiff no intention or purpose of placing the vehicle in motion.

24. On October 17, 2023, when the Defendants, Police Officer John Leddy, testified in the grand jury, the Defendants, Police Officer John Leddy, never informed the grand jury that the plaintiff informed the Defendants including Police Officer John Leddy, and Police Officer Ryan Kraemer, that he no intention or purpose of placing the vehicle in motion.

25. Notwithstanding the fact that the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, knew or should have known that the Plaintiff was not operating the vehicle, the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, prepared approximately thirteen (13) false accusatory instruments with accompanying supporting depositions alleging that the Plaintiff, Francis J. Hand, III, committed crimes and filed these false accusatory instruments with Long Beach City Court.

26. Notwithstanding the fact that the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, knew or should have known that the Plaintiff was not operating the vehicle, the Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, arrested the Plaintiff on approximately thirteen (13) false accusatory instruments with accompanying supporting depositions alleging that the Plaintiff, Francis J. Hand, III, committed crimes and filed these false accusatory instruments with Long Beach City Court.

27. In or about December 18, 2023, the Nassau County District Attorney's Office presented this case to a grand jury and the grand jury indicted the plaintiff for the criminal offenses, the prosecutor failed or refused to present to the grand jury exculpatory evidence that the Plaintiff informed the Defendant that the not operating the vehicle.

28. In or about December 18, 2023, the Nassau County District Attorney's Office presented this case to a grand jury and the grand jury indicted the plaintiff for the criminal

offenses, the prosecutor failed or refused to present exculpatory evidence that the Plaintiff was not operating the vehicle.

29. In or about December 18, 2023, the Nassau County District Attorney's Office presented this case to a grand jury and the grand jury indicted the plaintiff for the criminal offenses, the prosecutor failed or refused to give the grand jury proper legal instructions on the law of operation of a motor vehicle under New York State Law.

30. Thus, the grand jury indictment was obtained procured on fraud, perjury, suppression of evidence, and bad faith by police and improper legal instructions.

31. Between October 17, 2023 and February 15, 2025, the Nassau County District Attorney's Office prosecuted the plaintiff for the criminal charges.

32. After a bench trial in the Nassau County Supreme Court, the plaintiff was found not guilty as to all charges because the judge found that the plaintiff was not operating a motor vehicle.

33. At no time, did any member of the Nassau County District Attorney's Office investigate the allegations against the plaintiff.

## V.
## AS AND FOR A FIRST CAUSE OF ACTION
## (42 USC 1983 – False Arrest)

34. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. The Defendants have deprived the Plaintiff of his civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

36. The Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

37. When the Defendants falsely arrested the Plaintiff, because the arrest was based on fraud, perjury, suppression of evidence, and bad faith by police.

38. When the Defendants falsely arrested the Plaintiff, the arrest was based a fraud, perjury, suppression of evidence, and bad faith by police because the defendants knew or should have known that the plaintiff was not operating a motor vehicle.

39. The indictment charging the plaintiff was based on fraud, perjury, suppression of evidence, and bad faith by police.

40. The indictment charging the plaintiff was based on fraud, perjury, suppression of evidence, and bad faith by police because the defendants knew or should have known that the plaintiff was not operating a motor vehicle.

41. The indictment charging the plaintiff was based on fraud, perjury, suppression of evidence, and bad faith by police because the legal instructions to the grand jury were improper on the defemination of operation of a motor vehicle.

42. The Defendants unreasonably and unjustifiably confined Plaintiff.

43. The Plaintiff did not consent to his confinement.

44. The confinement was not privileged.

45. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VI.
## JURY DEMAND

46. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

WHEREFORE, Plaintiff prays as follows:

i. That the Court award compensatory damages to them and against the Defendants, jointly and severally, in an amount to be determined at trial;

ii. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

iii. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988; and

iv. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Huntington, New York
September 4, 2026

Yours, etc.,
THE CASSAR LAW FIRM, P.C.
*Christopher J. Cassar, Esq.*
By: Christopher J. Cassar, Esq.
Attorneys for the Plaintiff
13 East Carver Street
Huntington, New York 11743
(631) 271-6596
cjcassar@cassarlaw.com
Cassar File No: 05535

**PLAINTIFF'S VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Francis J. Hand III, declare under penalty of perjury that I am the Plaintiff in this action; that I have read the foregoing Proposed Amended Complaint; and that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on: September 04, 2026

*Francis J. Hand III*
FRANCIS J. HAND, III